On accuseds' objections (filed October 20, 1978) to statement of costs and disbursements claimed by the OSB filed October 17, objections allowed as to Banks/Thompson; denied as to Sims December 27, 1978

In re Complaint as to the conduct of
RONALD F. BANKS, *Accused.*
(No. 1200, SC 25221)

In re Complaint as to the conduct of
DOUGLAS M. THOMPSON, *Accused.*
(No. 1201, SC 25221)

In re Complaint as to the conduct of
JAMES CHRISTIAN SIMS, *Accused.*
(No. 1388, SC 25692)

588 P2d 34

Felicia M. Gniewosz for the Oregon State Bar.

W. V. Deatherage, of Frohnmayer & Deatherage, Medford, for the accuseds.

Before Holman, Presiding Justice, and Howell, Bryson, Lent, and Linde, Justices.

Objections allowed as to Banks and Thompson; denied as to Sims.

## PER CURIAM.

This matter comes before the court upon objections to the cost bills filed in the above-entitled disciplinary matters. This court's opinions disposing of the matters made no mention of whether the Bar was entitled to costs. It has been contended that costs are not allowed automatically but may be awarded only by this court in an opinion reviewing a decision or recommendation of the review board as required by ORS 9.535(4) and that the opinion of the court in this case did not award costs. The court requested briefs on the proper procedure for the allowance of costs in such matters as well as the proper interpretation of ORS 9.535(4). This subsection reads:

> "The Supreme Court, in an order adopting or modifying, in whole or in part, any decision or recommendation of the review board, may provide that the state bar have judgment against such member for its actual and necessary costs and disbursements incurred in the disciplinary, admission or reinstatement proceeding resulting in the decision and recommendation of the review board."

Neither the statute nor Rule 11.05 of the Rules of Procedure of the Supreme Court specifies the actual procedure for determining costs in disciplinary matters. The only provision throwing any light upon the subject is that part of the statute providing that the "order adopting or modifying * * * any decision or recommendation of the review board, *may* provide that the state bar have judgment * * * for its actual and necessary costs and disbursements. * * *." (Emphasis ours.) We interpret the use of the word "may" to intend permissiveness whether costs should be allowed. However, we believe the statute was intended to require that the "order" disposing of the matter provide for costs if the court concludes the Bar is so entitled. The use of "order" raises the question whether the word refers to the opinion of the court or to the court's order of mandate. Our conclusion is that it more probably refers to the order of mandate, because at the time of

[ 693 ]

the court's opinion the extent of the costs is unknown to the court.

■ Because no provisions have been made for specific procedures, it is the court's conclusion that the procedures most familiar to the Bar and to this court should be used, which are those provided for the allowance of costs in civil cases, except for the allowance of a fee for the prevailing party and except where the procedures are clearly inappropriate because of the essential difference between civil cases and disciplinary matters. In fact, this is the procedure which has previously been used by the court and, it will not therefore come as a surprise to those involved in the present proceedings.

■ The accused in the Banks and Thompson proceeding have filed timely objections to the Bar's cost bill upon the basis that it was not filed within the time provided by ORS 20.320. The Bar has filed a motion to be relieved from default for the late filing of its cost bill based upon an affidavit recounting confusion in the Bar's office attributable to a change in personnel. This court has heretofore strictly enforced the time limitation within which cost bills must be filed and has allowed relief from default only in cases of the death or serious illness of the attorney during the period in which the cost bill is required to be filed. The Bar's affidavit does not demonstrate circumstances of this serious a nature and its motion to be relieved from default is denied and the accuseds' objections to the cost bill is allowed.

■ The cost bill in the Sims disciplinary proceeding was filed within the required time and, for the reasons previously given, the accused's objection to it is denied and the costs are approved except for the fee for the prevailing party.