404 So.2d 1026 (1981)
R.L. NETTERVILLE
v.
MISSISSIPPI STATE BAR, et al.
Confidential Misc. No. 62.
Supreme Court of Mississippi.
September 30, 1981.
Rehearing Denied November 4, 1981.
*1027 R.L. Netterville, pro se, Natchez, for appellant.
Jimmy L. Miller, Curtis Coker, Jackson, Leonard B. Melvin, Jr., Laurel, for appellee.
EN BANC.
The Court sitting en banc, considered the petition of Honorable R.L. Netterville, member of the Mississippi State Bar, asking this Court to require said State Bar to pay, in addition to actual court costs accrued and taxed in disciplinary proceedings brought by said State Bar against petitioner [said proceedings having been dismissed by this Court on appeal, in Netterville v. Mississippi State Bar, 397 So.2d 878 (Miss. 1981)] all travel expenses incurred by him in connection with his defense in said proceedings plus attorney's fees, telephone, secretarial, xerox and other expenses incurred in the premises, and the response of the said State Bar thereto.
In order that complaints charging an attorney with professional misconduct may be brought without fear of exposure of a complainant to liability for damages in the event the complaint is dismissed, Mississippi Code Annotated section 73-3-345 (Supp. 1980) provides:
All complainants filed pursuant hereto shall be absolutely privileged, and no lawsuit predicated thereon may be instituted, and each person, firm, association or legal entity filing such a complaint shall be immune from any civil suit predicated thereon. The board of commissioners, the committee on complaints, the executive director, the complaint counsel, the complaint tribunals, and their assistants, staff and employees shall be immune from civil suit for any conduct arising out of the performance of their official duties. Every person shall be immune from civil suit for all of his sworn or written statements made or given in the course of any investigation, investigatory hearing, formal hearing or review proceedings held and conducted under these disciplinary rules.
See also Netterville v. Lear Siegler, Inc., 397 So.2d 1109 (Miss. 1981).
In Matter of Mississippi State Bar, 361 So.2d 503 (Miss. 1978), this Court noted that the role of the Mississippi State Bar with respect to the consideration of complaints against members of the Bar is to provide an official investigation thereof and a tribunal for the trial and disposition of such complaints as provided by Mississippi Code Annotated section 73-3-301 et seq. (Supp. 1980).
Confidentiality, for the protection of an attorney against whom a complaint is lodged, is a major objective of the procedure. See Mississippi Code Annotated section 73-3-343 (Supp. 1980).
It has been uniformly held by this Court that, in civil proceedings, attorney's fees and expenses of a successful litigant (other than statutory court costs as taxed) cannot be recovered by such litigant from his adversary in the absence of malice, fraud or the equivalent thereof. Such expenses are, of course, not recoverable from the trial court (or the state) by one tried upon a criminal charge and acquitted.
In Bellefonte Insurance Co. v. Griffin, 358 So.2d 387, 391 (Miss. 1978) this Court said:
As to attorney's fees, the rule in the absence of statute is that they are not recoverable unless the facts are of such gross or willful wrong as to justify the infliction of punitive damages. Cooper v. U.S. Fidelity & Guaranty Co., 186 Miss. 116, 188 So. 6 (1939); Yazoo & M.V.R. Co. v. Consumers' Ice & Power Co., 109 Miss. 43, 67 So. 657 (1915). As there is no *1028 applicable statute and because we are of the opinion the trial court did not err in denying punitive damages, it follows that an award of attorney's fees would not have been proper.
While the petition here under consideration appears to present a question of first impression in Mississippi, in other jurisdictions the rule appears to be that an attorney, tried upon charges preferred against him as in this case, where the tribunal finds the charges have been sustained and imposes a disciplinary judgment upon him, that the attorney, in such an event, may be required to pay the actual expenses of the State Bar reasonably incurred in the investigation and prosecution of the case, exclusive of attorney's fees. See In re Banks, 284 Or. 691, 588 P.2d 34 (1978).
In Matter of Mississippi State Bar, 361 So.2d 503, 506 (Miss. 1978), this Court said:
C) The Complaint Tribunal may award unto the Bar, as costs of court, the costs and expenses of the Bar connected with the litigation as justice and the circumstances may require. The costs and expenses shall be itemized, filed of record, and tendered to the accused attorney within ten (10) days after the decree of the Complaint Tribunal becomes final. The accused may controvert any item claimed as costs or expenses within ten (10) days after receiving a statement of the costs and expenses.
D) Upon appeal of any decree of a Complaint Tribunal, this Court may award unto the Bar, as costs of court, such additional costs and expenses of the Bar connected with the appeal as justice and the circumstances may require. The additional costs and expenses shall be itemized, filed of record, and tendered to the accused attorney within ten (10) days after the decree of this Court becomes final. The accused may controvert any item claimed as additional costs and expenses within ten (10) days after receiving a statement of the costs and expenses.
E) The Committee on Complaints shall impose upon any attorney disciplined by it an investigation fee of not less then TEN DOLLARS ($10.00) and no more than the actual and reasonably necessary expenses of the investigation, said bill of expenses to be itemized and tendered to the attorney prior to or at the time discipline is imposed; or, if the matter is referred for the filing of a Formal Complaint, said bill of expenses shall be incorporated therein and when so incorporated upon affidavit from the Bar's Executive Director, the itemization shall be prima facie as to the amount due and may be allowed in whole or in part as provided by the foregoing Paragraphs (C) and (D).
The Mississippi State Bar, through its duly constituted officials, is mandated by law to receive, investigate and dispose of complaints filed against its members. Obviously, it would severely impede, and possibly destroy, the attainment of the paramount objective of the law, that is, the hearing and disposition of complaints against members of the Bar, if, when a member has been tried and the charges against him dismissed, he might then recover from the State Bar (in addition to court costs as taxed) attorney's fees, travel and all other out-of-pocket expenses he might have incurred, in this case stated by petitioner to have been $30,402.19.
It is suggested that the rule permitting recovery of its expenses by the State Bar from an attorney against whom a disciplinary judgment had been pronounced, (exclusive of attorney's fees) and denying an attorney so charged who is exonerated, the right to recover in like manner from the State Bar, is unfair. The State Bar, in providing the complaint counsel and the complaint tribunal is not the adversary party, and Mississippi Code Annotated section 73-3-345 (Supp. 1980), supra, protects the complainant, who made the charges, as well as the State Bar, its officers and employees, and precludes any recovery against them, even though the charges may be dismissed.
The Standards For Lawyer Discipline And Disability Proceedings, approved by the House of Delegates of the American Bar Association on February 13, 1979, do *1029 not authorize recovery of expenses from a lawyer who is charged with professional misconduct if the charges eventually have been dismissed. Section 6.13 provides:
6.13 Costs. The court may require a respondent to pay the costs of the proceedings, other than proceedings for transfer to and from disability inactive status where the charges are sustained.
The commentary on this provision is as follows:
Whenever a respondent is found to have engaged in misconduct warranting the imposition of discipline, he should be required to reimburse the agency for the costs of the proceedings, other than attorney fees.
While fairness would seem to indicate that a respondent should also be reimbursed if formal charges are not proved, that practice would cast doubt upon every adjudication by the agency that charges had been established. A respondent might conclude that the finding was prompted by a desire to avoid having to pay the costs of the proceedings to the respondent. In order to assure that the findings of the agency are fair in fact and are perceived to be fair, the Standard does not authorize collection of costs by respondents exonerated of the charges against them.
We have concluded that payment of statutory court costs by the Mississippi State Bar is all that can be required and that the petition for the award of attorney's fees, travel and other out-of-pocket expenses incurred by the petitioner cannot be sustained. Petition is, therefore, dismissed with prejudice.
DISMISSED WITH PREJUDICE.
All Justices concur.