CA A71148 argued and submitted November 12, 1992, also submitted on petitioner's petition for reconsideration (CA A73105) filed February 26; CA A71148 and A75266 affirmed; reconsideration in CA A73105 allowed; opinion (115 Or App 757, 838 P2d 1119) withdrawn; order vacated, remanded for proceedings consistent with this opinion May 19, 1993

JOHN JAMES BAHRENFUS,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY
REVIEW BOARD,
*Respondent.*

(86-851; CA A71148 (Control), A75266)
(Cases Consolidated)

JOHN JAMES BAHRENFUS,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY
REVIEW BOARD,
*Respondent.*

(86-851; CA A73105)
(Cases Consolidated for Opinion Purposes)

853 P2d 290

Michael E. Rose, Portland, argued the cause and filed the briefs for petitioner. (CA A71148)

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem. (CA A71148)

Elisabeth Doran Jacobs, Portland, for petition. (CA A73105)

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

\* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

On May 11, 1986, petitioner shot his father in the head several times, while telling his mother, "He's Satan. He's gotta die." Then, he hit his father on the head with a hammer. On August 8, 1986, petitioner was found guilty except for insanity[1] of his father's murder. The circuit court placed him under the jurisdiction of the Psychiatric Security Review Board (PSRB) and committed him to the Oregon State Hospital. *See* ORS 161.327.

Early in 1991, petitioner asked PSRB to conduct a hearing to determine whether he was still affected by a mental disease or defect and whether he should be granted a conditional release from the state hospital.[2] PSRB scheduled the hearing for June 10. Before the hearing, petitioner's attorney wrote a letter to PSRB "requesting the appointment of an independent psychiatrist or psychologist to examine-[petitioner] * * * pursuant to ORS 161.346 and OAR 859-50-095(4)." The letter did not explain why petitioner desired an examination by an independent psychiatrist or psychologist. PSRB's executive director responded by letter:

"On March 1, 1991 the Board [reviewed] the above request. At that time the Board denied this request.

---

[1] ORS 161.295 provides:

"(1) A person is guilty except for insanity if, as a result of mental disease or defect at the time of engaging in criminal conduct, the person lacks substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of law.

"(2) As used in [this chapter], the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct, nor do they include any abnormality constituting solely a personality disorder."

[2] ORS 161.341(4) provides:

"Any person who has been committed to a state hospital designated by the Mental Health and Developmental Disability Services Division for custody, care and treatment or another person acting on the person's behalf may apply to [PSRB] for an order of discharge or conditional release upon the grounds:

"(a) That the person is no longer affected by mental disease or defect;

"(b) If so affected, that the person no longer presents a substantial danger to others; or

"(c) That the person continues to be affected by a mental disease or defect and would continue to be a danger to others without treatment, but that the person can be adequately controlled and given proper care and treatment if placed on conditional release."

However, you may submit additional information stating the purpose of the evaluation in this case. The matter could then be brought to the Board for administrative review."

Petitioner never provided additional information in support of his request.

After the hearing, PSRB issued an order on June 17, in which it found that petitioner was still affected by a mental disease or defect and that he posed a substantial danger to others. It concluded that he was not a proper subject for a conditional release, and it ordered his continued commitment to the state hospital. Petitioner sought our review of that order.

PSRB issued an amended order on March 30, 1992, in which it found that petitioner was affected by a psychotic disorder NOS (not otherwise specified).[3] Again, it found that he was dangerous, and it continued his commitment. Petitioner sought our review of the amended order, and we granted his motion to consolidate our review of the two orders that PSRB issued with respect to the June 10, 1991, hearing.[4]

---

[3] The American Psychiatric Association *Diagnostic and Statistical Manual of Mental Disorders* 211 (3d ed 1987), explains:

"[A psychiatric disorder not otherwise specified is a disorder] in which there are psychotic symptoms (delusions, hallucinations, incoherence, marked loosening of associations, catatonic excitement or stupor, or grossly disorganized behavior) that do not meet the criteria for any other nonorganic psychotic disorder. This category should also be used for psychoses about which there is inadequate information to make a specific diagnosis. (This is preferable to 'Diagnosis Deferred,' and can be changed if more information becomes available.) This diagnosis is made only when it cannot be established that an organic factor initiated and maintained the disturbance.

"*Examples*:

"(1) psychoses with unusual features, e.g., persistent auditory hallucinations as the only disturbance

"(2) postpartum psychoses that do not meet the criteria for an Organic Mental Disorder, psychotic Mood Disorder, or any other psychotic disorder

"(3) psychoses with confusing clinical features that make a more specific diagnosis impossible[.]"

PSRB did not make a finding about whether petitioner's psychosis was active or in remission.

[4] ORAP 2.30 provides, in part:

"The appellate court, on motion of a party or on its own motion, may consolidate cases for purposes of appeal."

In late 1991, petitioner requested a second hearing to determine whether he was still affected by a mental disease or defect and whether his commitment should continue. Before that hearing, he filed a motion requesting that PSRB appoint a psychiatrist or psychologist to examine him at the state's expense. Petitioner's attorney submitted an affidavit in support of the motion:

"I am informed and on such information believe that [petitioner] is presently fit for discharge or conditional release under the criteria set forth in ORS 161.341(4);

"[An] independent examination of his mental state is essential, particularly given the 'soft' diagnoses presently in the record[.]"

PSRB denied the motion by letter on October 24. In that letter, PSRB's executive director explained:

"[PSRB] met and administratively reviewed your motion and affidavit for appointment of an independent psychologist or psychiatrist to examine [petitioner] in preparation for his upcoming hearing before the Board. After due consideration, the Board decided to deny this request."

PSRB conducted the hearing on October 28, 1991, and issued an order on November 18, 1991. In its order, PSRB found that petitioner was still affected by a psychiatric disorder NOS in remission and that he continued to be a substantial danger to others, and it continued his commitment. We affirmed that order without opinion. 115 Or App 757, 838 P2d 1119 (1992). Petitioner filed a petition for Supreme Court review of that decision. ORAP 9.05. We treat the petition as one for reconsideration, ORAP 9.15(1), and allow it. For opinion purposes only, we consolidate both cases.

In both cases, petitioner made three assignments of error. We address only his contentions that PSRB erred by denying his requests to authorize funds for an examination by an independent psychiatrist or psychologist. We affirm the orders that relate to the June 10, 1991, hearing, and we reverse and remand to PSRB for further proceedings related to the October 28, 1991, hearing.

Petitioner was found guilty of murdering his father. Because he was found to be insane at the time he committed the offense, the court placed him under PSRB's jurisdiction

and committed him to the state hospital. ORS 161.327. Unlike a person who is sentenced to a prison term, a person who has been committed to the state hospital may, once every six months, petition for a discharge or conditional release. ORS 161.341(5).[5]

■■      An indigent person who seeks a discharge or conditional release is entitled to "suitable legal counsel possessing skills and experience commensurate with the nature and complexity of the case." ORS 161.346(6)(d). A statutory right to counsel includes a right to adequate counsel. *State ex rel Juv. Dept. v. Geist,* 310 Or 176, 185, 796 P2d 1193 (1990). Concomitant with petitioner's right to counsel is his right to "reasonable expenses * * * in respect to the hearing." ORS 161.346(11). Petitioner contends that an examination by an independent psychiatrist or psychologist constitutes a reasonable expense, because "it is difficult, if not impossible, for counsel to be effective without access to an expert witness."

■      PRSB's own rules provide a framework for exercising its discretion when responding to a petitioner's request for it to appoint a psychiatrist or a psychologist. OAR 859-50-095 provides, in part:

> "[PSRB] may appoint a psychiatrist or licensed psychologist to examine the person [who has applied for discharge or conditional release] and submit a report to [PSRB], including an opinion as to the mental condition of the person, whether the person presents a substantial danger to others and whether the person could be adequately controlled on conditional release with treatment and supervision:

> "* * * * *

> "(4)   The attorney for the patient may file a written request for [PSRB] to appoint a psychiatrist or licensed psychologist to examine the patient. [PSRB] shall approve or deny the request, *taking into consideration the budget of [PSRB] available for such examinations and the reasons for the request.*" (Emphasis supplied.)

---

[5] PSRB must conduct a hearing at least once every two years to determine whether a person who has been committed to the state hospital should be discharged or conditionally released, even if the person does not request a hearing. ORS 161.341(7)(b).

Petitioner does not contend that PSRB exceeded its authority by promulgating OAR 859-50-095.[6] In fact, he cited subsection (4) of that rule in support of his request for the appointment of a psychiatrist or psychologist before the first hearing. Accordingly, we limit our inquiry to whether petitioner and PSRB satisfied their respective burdens under that rule.

■ In order for PSRB to perform its balancing duty under OAR 859-50-095(4), a petitioner must provide a written request for the appointment of a psychiatrist or psychologist. That request must include a statement of the petitioner's "reasons for the request." That requirement imposes a burden on the petitioner to demonstrate the need for an independent examination. *Cf. State v. Langley*, 314 Or 247, 253, 839 P2d 692 (1992) (criminal defendant's burden to justify expert witness expenses).

■ When petitioner's attorney wrote to PSRB before the first hearing, he did not explain why he was requesting the appointment of an independent psychiatrist or psychologist. PSRB responded by indicating that "you may submit additional information stating the purpose of the evaluation." Petitioner did not. He failed to provide PSRB with information that could have enabled it to make an informed decision whether to grant his request. Because petitioner did not satisfy his burden to demonstrate his need for an independent examination, PSRB did not err by denying his request.

However, in the motion that he filed before the second hearing, petitioner's attorney did explain his need for an independent examination. He explained, in his affidavit, that he believed that petitioner was fit for discharge or conditional release. He emphasized the "soft" diagnoses in

---

[6] The legislature intended PSRB to exercise discretion when deciding whether to grant a request for the appointment of a psychiatrist or a psychologist. ORS 161.346(2) provides, in part:

"At any time, [PSRB] may appoint a psychiatrist or licensed psychologist to examine the person [who has applied for a discharge or conditional release] and to submit a report to [PSRB]."

By using the word "may" in that provision, the legislature intended that PSRB exercise discretion in deciding whether to appoint a psychiatrist or psychologist to examine a petitioner. *See In re Banks/Thompson/Sims*, 284 Or 691, 693, 588 P2d 34 (1978); *Lane County Public Works Assn. v. Lane County*, 118 Or App 46, 53, 846 P2d 414 (1993).

the record.[7] Although his reasons might have been more elaborately stated, he clearly indicated his belief that the evidence favoring petitioner's continued commitment was weak. His characterization of the diagnoses as "soft" was borne out by the testimony of petitioner's treating psychiatrist at the second hearing.[8] Petitioner sufficiently demonstrated his need for an examination by an independent psychiatrist or psychologist before the second hearing.

Our next inquiry is whether PSRB properly exercised its discretion when it denied his request. OAR 859-50-095(4) provides the framework for PSRB's exercise of discretion when deciding whether to appoint a psychiatrist or psychologist. PSRB was required to follow its own rule. *Accident Prevention Div. v. Asana*, 110 Or App 103, 107, 821 P2d 432 (1991). We cannot determine whether PSRB weighed the legitimacy of petitioner's proffered reasons against its budget constraints, because PSRB summarily denied his request without any explanation. Its executive director simply wrote to petitioner's attorney and indicated, "After due consideration, the Board decided to deny this request." That letter was insufficient to allow us to determine whether PSRB exercised or abused its discretion, because it was not accompanied by a reasoned explanation for its decision. Requiring PSRB to explain its decision would be

"completely consistent with the legislative policy embodied in the Administrative Procedure Act (and throughout the statutes) that decisions by administrative agencies shall be principled and fair, rather than *ad hoc* and unstructured."

---

[7] Petitioner's medical records contained a 1987 written assessment by Templin, a staff psychologist at the state hospital. Templin attributed petitioner's "paranoid ideation and delusions he demonstrated prior to and after the death of his father" to amphetamine abuse. Templin found that there "was no evidence of psychotic processes on the test results, in his recent history, or during the interview." He concluded that "the possibility of paranoid schizophrenia cannot be ruled out entirely, even though it appears improbable." Templin's assessment indicates that petitioner may not be currently affected with a mental disease or defect.

[8] Dr. Matthews-Brylski testified that petitioner is currently affected by a psychotic disorder NOS in remission and that he had not exhibited any overt signs of psychosis while at the hospital. She aknowledged that there was no consensus among the mental health staff regarding petitioner's diagnosis and testified:

"There's a lot of uncertainty about the original diagnosis, about why the man was psychotic * * *. The psychosis has gone away and the reason for its having gone, I think, is uncertain at this point."

*Anderson v. Board of Parole*, 303 Or 618, 636, 740 P2d 760 (1987) (Gillette, J., dissenting).

We vacate PSRB's order in case number CA A73105 and remand with instructions to reassess petitioner's motion and to explain, on the record, the reasons for its decision. If PRSB grants petitioner's motion, it shall, after petitioner is examined by the independent psychiatrist or psychologist, conduct another hearing to determine whether petitioner is still affected by a mental disease or defect and whether he should·be granted a conditional release. If PSRB denies petitioner's motion, it shall reinstate its November 18, 1991, order.

CA A71148 and CA A75266 affirmed. CA A73105, reconsideration allowed; this court's memorandum opinion of October 14, 1992, withdrawn; PSRB order of November 18, 1992, vacated; remanded for proceedings consistent with this opinion.