LEE, C.J.,
concurring in part and dissenting in part:
¶ 61. I respectfully dissent as I find that the trial court erred in granting W.C. Fore’s motion for a directed verdict on the issues of punitive damages and attorney’s fees. The jury should have been allowed to consider T.C.B. Construction’s (TCB) claim for punitive damages and attorney’s fees. Fore blatantly decided not to pay $6,634,436.69 in invoices submitted by TCB. Fore made excuses as to why it did not pay TCB, but the excuses were found to be without merit at trial. Fore admitted it billed Harrison County and received payment for all work done by TCB. TCB bore the expense of its work and paying its employees while Fore denied payment. Fore should be punished for its willful conduct, and under our law, the means of doing this is to award punitive damages.
¶ 62. Punitive damages are to be awarded when the claimant can “prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice.... ” Miss.Code Ann. § 11 — 1— 65(l)(a)(Supp.2011). “[T]he plaintiff is entitled to recover punitive damages ‘only if he has demonstrated a willful or malicious wrong or the gross, reckless disregard for the rights of others.’ ” McCorkle v. McCorkle, 811 So.2d 258, 270 (¶29) (Miss.Ct.App.2001) (quoting Boling v. A-1 Detective & Patrol Serv. Inc., 659 So.2d 586, 588 (Miss.1995)). “The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others.” Summers ex rel. Dawson v. St. Andrew’s Episcopal Sch., Inc., 759 So.2d 1203, 1215 (¶ 52) (Miss.2000). Attorney’s fees are recoverable if the facts are of such gross or willful wrong as to justify the infliction of punitive damages. See Netterville v. Miss. State Bar, 404 So.2d 1026, 1028 (Miss.1981).
¶ 63. This is a clear case of wanton disregard for TCB’s rights. Fore asserts that punitive damages and attorney’s fees were correctly denied because it did not act maliciously. Fore claims that it did not know TCB was performing work south of Highway 53; thus, it did not know it owed TCB the money. I find this argument disingenuous and contradictory to the defense put on at trial. At trial, Fore’s defense was that it hired TCB to perform debris removal north of Highway 53. TCB claimed that the subcontract was modified orally to include debris removal south of Highway 53. Fore denied knowledge of an oral agreement. Fore’s denial came after TCB submitted invoices to Fore, and Fore billed the County for the work south of Highway 53. The performance of TCB’s work was monitored by R.W. Beck <& Associates. Beck audited all the bills, and the County paid Fore over $12 million for TCB’s debris removal north and south of Highway 53. In addition, after TCB sent Fore a letter demanding to be paid, Fore responded on June 19, 2006, stating that TCB had not been paid because of a potential set off for interest on delayed payments from the County. Fore did not deny knowledge that TCB was performing the work.
¶ 64. I find that the foregoing facts present clear and convincing evidence of malicious conduct. Fore’s actions were willful and inflicted in the spirit of wanton disregard for TCB’s rights. Summers, 759 So.2d at 1215 (¶ 52). Fore blatantly denied payment to TCB despite TCB hav *771 ing spent an enormous amount of money completing the debris removal south of Highway 58. When asked why it refused to pay TCB, Fore responded that it did not pay based on nothing other than a technicality in the contract. This is sufficient to submit the issues of punitive damages and attorney’s fees to the jury. To deny punitive damages in this case gives companies no incentive to pay what is due if they think they can get away with not doing so based on a technicality. If they risk nothing other than being ordered to pay what was owed originally, they may as well take their chances at trial. This is the purpose of punitive damages — to discourage similar malicious behavior in the future. For these reasons, I dissent as to the issues of punitive damages and attorney’s fees. I concur with the majority on the remainder of the issues.
IRVING, P.J., AND RUSSELL, J„ JOIN THIS OPINION.