397 So.2d 1109 (1981)
R.L. NETTERVILLE
v.
LEAR SIEGLER, INC., et al.
No. 52531.
Supreme Court of Mississippi.
April 29, 1981.
Rehearing Denied May 27, 1981.
*1110 Robert L. Netterville, Natchez, for appellant.
Everette Truly, Adams, Forman, Truly, Ward, Smith & Bramlette, Natchez, for appellees.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This cause is on appeal from the Circuit Court of Adams County, Mississippi, which sustained a general demurrer to appellant R.L. Netterville's declaration charging libel and slander, invasion of privacy, and abuse of process against Lear Siegler, Inc., its attorney Mr. Charles W. Stoll of Hollywood, California, and others. The declaration alleges that the appellees filed a complaint against the appellant with the Mississippi State Bar Association criticizing certain actions of appellant in his representation of a widow and four children for the death of their husband and father in a products liability case. Mr. Netterville contends that the complaint filed against him was without merit, was malicious and was done for the sole purpose of enhancing Lear Siegler's defense and position in the products liability case. He contends that the defendants used the bar complaint for an illegal purpose and design as set forth in Count I, Paragraph 12 of the declaration which states:
That said acts were a means to use criminal process in order for the said defendants `to accomplish an ulterior purpose for which it was not designed.' . .. That said acts on the part of the defendants herein, both in concert and in conspiracy, were a form of extortion in which a lawfully used process was perverted to an unlawful use... . That none of the acts complained of herein on the part of said defendants were made in good faith, but were all done with an ulterior motive so as to prevent the said R.L. Netterville from progressing in a tort action against the said defendants.
*1111 The alleged slanderous, malicious and willful conduct of the defendants is set forth in Exhibit "A" to the declaration, being letters dated May 4, 1979 and May 11, 1979.
The letter of May 4, 1979, was addressed to G. Stuart Handy, Esquire of Handy, Fitzpatrick, Gwin, Blough & Lewis, Attorneys at Law, P.O. Box 1344, Natchez, MS. 39120. In that letter Mr. Stoll inquired of Mr. Handy, who was co-counsel with Mr. Stoll, information about the proper Mississippi procedure for filing a formal complaint against Mr. Netterville "for his directly contacting Mr. Griffiths and attempting to contact Mr. Mugler, who [he alleged] are officers and employees of Royal Industries, Inc., our client, without receiving the express consent of either you or I before making such direct contact." The letter further complained that "... it is apparent that Mr. Netterville taped his conversation with Mr. Griffiths, as evidenced by the transcript attached to his letter of April 23, 1979. He at no point advised Mr. Griffiths that this conversation was being taped and did not initially identify himself as an attorney representing a party adverse to the Hutchinson Division of Royal Industries, Inc... ."
The letter of May 11, 1979, was addressed to the Mississippi State Bar, 101 Realtors Building, 620 North State Street, Jackson, MS. 39201, and directed to the attention of Chairman, Complaints Committee. That letter contained basically the same complaints, hereinabove quoted, made to Mr. Handy. The letter concluded with the statement, "If, ... the conduct described above is prohibited by the Mississippi Bar, I will wish to file a formal complaint and would appreciate your advice."
Mr. Stoll subsequently filed the following complaint with the Mississippi State Bar:
I, Charles W. Stoll, do hereby file with the Mississippi State Bar, a complaint against Mr. Robert L. Netterville, Natchez Office Bldg., Natchez, MS. 39120.
The facts of my complaint are: As set forth in my letter of May 11, 1979 addressed to the Mississippi State Bar, including attachments thereto.
The facts in this complaint are true and correct to the best of my knowledge.
This complaint was duly executed and sworn to as prescribed by law.
Mr. Stoll's complaint was duly filed, investigated and prosecuted according to the procedures set out in Mississippi Code Annotated sections 73-3-313 et seq. (Supp. 1980) and the rules and regulations formulated by the Committee on Complaints. Upon a final adjudication of that matter, this Court held, among other things, that the complaint filed by Mr. Stoll against Mr. Netterville was wholly without merit or justification and ordered same dismissed.
In Count II, Paragraph 13 of his declaration out of which the present appeal arose, Mr. Netterville states:
That on or prior to May 11, 1979, the said defendants in contriving and wickedly and maliciously intending to injure plaintiff did falsely, wickedly, and maliciously and intentionally and willfully print, publish and did cause to be circulated around the State of Mississippi the words that disbarment proceedings had been filed against the said R.L. Netterville, the plaintiff herein.
Mr. Netterville contends, inter alia, on this appeal that the malicious publication was made on May 11, 1979, prior to a formal complaint being filed with the Bar on May 21, 1979, and, therefore, is not privileged. The appellees contend that the demurrer was properly sustained by the Circuit Court for the following reasons:
(1) That Mississippi Code Annotated section 73-3-345 (Supp. 1980) grants the defendants absolute immunity from suit by the plaintiff.
(2) That the defendants in this case have an absolute privilege at common law which precludes any recovery by appellant.
(3) That no libel or slander suit to which appellees do not have immunity or an absolute privilege is alleged.
(4) That no cause of action by abuse of process will lie against defendants in this case, citing Mississippi Code Annotated section 73-3-345 (Supp. 1980).
*1112 (5) That no cause of action based on invasion of privacy is alleged or sustainable.
Two statutes pertinent to this case are Mississippi Code Annotated section 73-3-345 (Supp. 1980) and section 73-3-343 (Supp. 1980) which read as follows:
§ 73-3-345. Immunity from civil suit predicated on disciplinary proceedings.
All complaints filed pursuant hereto shall be absolutely privileged, and no lawsuit predicated thereon may be instituted, and each person, firm, association or legal entity filing such a complaint shall be immune from any civil suit predicated thereon. The board of commissioners, the committee on complaints, the executive director, the complaint counsel, the complaint tribunals, and their assistants, staff and employees shall be immune from civil suit for any conduct arising out of the performance of their official duties. Every person shall be immune from civil suit for all of his sworn or written statements made or given in the course of any investigation, investigatory hearing, formal hearing or review proceedings held and conducted under these disciplinary rules.
§ 73-3-343. Confidentiality of matters under investigation and proceedings  penalties.
All disciplinary agencies of the court, all court reporters, clerks, witnesses and parties are strictly enjoined to keep and maintain confidential all things concerning the matters under investigation and the proceedings thereon; provided, however, all proceedings before any complaint tribunal and in the court may be public if requested by the accused attorney... . Violation of this section or any part hereof shall be a misdemeanor punishable by a fine of not more than five hundred dollars ($500.00) or by imprisonment in the county jail for not more than thirty (30) days or by both. (Emphasis added).
A third statute which should be mentioned is Mississippi Code Annotated section 73-3-301 (Supp. 1980) which recognizes that attorneys in this State are subject to the exclusive and inherent disciplinary jurisdiction of the Supreme Court and the disciplinary agencies established and designated by statute.[1]See also Mississippi Code Annotated section 73-3-373 (Supp. 1980).
Disciplinary proceedings against an attorney are judicial in nature and absent a statute, under the common law, any person involved in the proceedings, whether a party, witness, counsel, or judge is accorded absolute immunity so long as the statements made or documents filed are reasonably related to the judicial inquiry. Statutes dealing with this subject only have such efficacy and force that do not constitute a serious encroachment into the exclusive domain of the judiciary. As it has been aptly put, "... disciplinary proceedings are ... an integral part of the functioning of the judicial branch of government and the process includes the filing of an informal complaint by one who wishes to charge an attorney with unprofessional conduct."
The courts can be fully effective in serving the public only if the people see them as a symbol of impartial judgment. We regard it as important, therefore, that there should be no impediment to free criticism of the bench and bar lest it be interpreted by the public as a veil to hide judicial vices.
*1113 Although it may place a burden on the attorney who is unjustly accused of unethical conduct, the proper administration of justice requires that there be a forum where a layman may have his complaint heard, investigated, and, if necessary, judicially determined. Such a complaint must be privileged, or one who felt aggrieved by his lawyer would hesitate to complain for fear that he might face a damage suit if he failed to prove his complaint. Such a fear, whether it was groundless or not, would reduce the bar's effectiveness in policing its own ranks.
Therefore, any communication, the purpose of which is to state a complaint in the proper forum, is absolutely privileged and there can be no suit against the person who made the complaint. Ramstead v. Morgan, 219 Or. 383, 347 P.2d 594, 77 A.L.R.2d 481 (1959).
We now hold that, under the common law as well as our statute, any person filing a complaint in accordance with our disciplinary statutes and rules is accorded absolute privilege and no lawsuit predicated thereon may be instituted. Any person or legal entity filing such complaint shall be immune from any civil suit predicated thereon, so long as the statements are made within the course and framework of the disciplinary process and are reasonably relevant to the complaint. And, unless it appears from the face of the pleadings that the communication complained of exceeds the purpose of stating a complaint in the proper forum, it is absolutely privileged, and there can be no trial of the underlying motives of the defendant in instituting the complaint. This immunity shall extend to any cause of action, whatever the name, be it libel and slander, invasion of privacy, abuse of process or other.
The next question is whether Mr. Stoll's letter to the Chairman of the Complaints Committee of the Mississippi State Bar, dated May 11, 1979, was reasonably relevant to and connected with the filing of his formal complaint against Mr. Netterville. We hold that it was. Mr. Stoll's letter of May 11, 1979, was designed to obtain information relative to the filing of the formal complaint with the Complaints Committee and is, under the statute and common law, accorded immunity because it was directly related and pertaining to the filing of the formal complaint. See Ramstead v. Morgan, 219 Or. 383, 347 P.2d 594, 77 A.L.R.2d 481 (1959).
Having held that the complaint filed was absolutely privileged, the next question presented is whether the immunity from suit accorded such privilege extends to one who thereafter maliciously publishes and causes said complaint or information contained therein to be circulated about the State of Mississippi to persons not authorized by the statute and regulations to receive same. We think not.[2] However, under our disciplinary procedures, certain persons throughout the State are entitled to receive these complaints as a matter of routine.[3] Thus, an allegation in a bill of complaint that false and defamatory matter was maliciously circulated about the State, etc., is not sufficient; it must go further and allege that the matter was circulated to persons who were not entitled to receive it.
The appellant was given the opportunity to amend his declaration, but declined to do so and the court properly dismissed the cause.
The case of Pride v. Quitman County Voters League, 226 So.2d 735 (Miss. 1969) cited by appellant is distinguishable on the facts and not applicable to the situation now before us.
*1114 We would point out further, however, that although immunity from being sued is accorded anyone, attorney or layman, who files a complaint with the State Bar, attorneys may nevertheless be disciplined by the Complaints Committee for maliciously filing groundless complaints without having at least an arguable justification for doing so.
For the reasons cited above, the judgment of the circuit court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] § 73-3-301. Any attorney regularly admitted to practice law in the State of Mississippi or any attorney specially admitted to practice by a court of this state or any individual admitted to practice as an attorney in any other jurisdiction who regularly engages in the practice of law within this state as house counsel to corporations or other entities, counsel for governmental agencies, out-of-state lawyers admitted or permitted to practice law in this state by comity, bar examination or otherwise are subject to the exclusive and inherent disciplinary jurisdiction of the Supreme Court of Mississippi and the disciplinary agencies hereinafter established and designated; provided, however, nothing herein contained shall be construed to deny to any other court such powers as are necessary for that court to maintain control over practice in and proceedings conducted before it, such as the power of contempt, nor to prohibit local bar associations from censuring, suspending or expelling their members from membership in such local bar association.
[2] Section 73-3-343 quoted earlier.
[3] Mississippi Code Annotated section 73-3-303 (Supp. 1980) designates as agencies of the Court for disciplinary purposes the following:

(1) The board of commissioners, including the executive director and complaint counsel;
(2) The committee on complaints; and
(3) The complaint tribunal.
Any or all of these may legitimately receive copies of complaints filed against attorneys.