# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2011

No. 10-60848

Lyle W. Cayce
Clerk

LESLIE B. LAMPTON,

Plaintiff-Third Party Defendant-Appellant

v.

OLIVER E. DIAZ, JR.; JENNIFER DIAZ,

Defendants-Third Party Plaintiffs-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:

In this declaratory relief action, Plaintiff-Third Party Defendant-Appellant Leslie B. Lampton appeals the district court's denial of his motion for summary judgment on grounds of immunity. We REVERSE the district court's order and REMAND.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a complaint filed in 2006 with the Mississippi Commission on Judicial Performance (the "Commission") against Oliver Diaz, then a Mississippi Supreme Court justice. Prior to the complaint, Defendants-Third Party Plaintiffs-Appellees Oliver Diaz and his wife, Jennifer Diaz, (the "Diazes") were prosecuted in federal court on various fraud, bribery, and tax

No. 10-60848

evasion charges. Oliver Diaz was ultimately acquitted, and Jennifer Diaz plead guilty to tax evasion. After the cessation of the criminal prosecution, the prosecuting U.S. Attorney, Dunnica Lampton, relative to Plaintiff-Third Party Defendant-Appellant Leslie B. Lampton, filed the above-mentioned complaint with the Commission. According to the Diazes, Dunnica Lampton unlawfully attached the Diazes' tax and other financial records obtained during the criminal investigation to the complaint.

Leslie Lampton served as a member of the Commission and participated in the Commission's investigation of Mr. Diaz. Although, in December 2008, the Commission dismissed the complaint, counsel to the Diazes sent Leslie Lampton two letters, on January 20, 2009, threatening legal action based on his role in the investigation. Leslie Lampton responded by filing a complaint in the Circuit Court of Madison County, Mississippi, on January 30, 2009, seeking a declaratory judgment of immunity from suit for conduct arising out of his duties with the Commission. The suit was not initially filed under seal and revealed the existence of the Commission's investigation of Mr. Diaz.

On May 4, 2009, Mrs. Diaz filed counterclaims against Leslie Lampton, asserting various federal and state law causes of action arising, in relevant part, from Leslie Lampton's alleged disclosure of the Commission's confidential investigation. Mrs. Diaz also asserted claims against various third-party defendants, including Dunnica Lampton. On June 3, 2009 Dunnica Lampton, as a federal officer, removed the action to federal court pursuant to 28 U.S.C. § 1442. On August 26, 2009, Mr. Diaz similarly filed counterclaims against Leslie Lampton.

On October 30, 2009, Leslie Lampton moved for summary judgment on the Diazes' counterclaims on the ground that, inter alia, he enjoyed immunity under both federal and state law. On May 7, 2010, the district court found Leslie Lampton enjoyed absolute and qualified immunity from the Diazes' federal

2

No. 10-60848

claims, and further found Leslie Lampton enjoyed immunity from the Diazes' state law claims, under a state statute providing immunity for members of the Commission, for all but one of his alleged wrongful acts.

The district court found that Leslie Lampton, in filing a declaratory relief action asserting a claim for immunity, was acting in an individual capacity, and not as a member of the Commission, and therefore did not enjoy immunity for filing said action. Accordingly, the district court denied summary judgment on the Diazes' counterclaims arising from his filing of the declaratory relief action. On May 21, 2010, Leslie Lampton filed a Rule 59 motion to alter or amend judgment and for reconsideration, which the district court denied on October 8, 2010. On October 13, 2010, he filed a notice of appeal, seeking review of the district court's order denying summary judgment on his assertion of state-law immunity against claims arising from his filing of the declaratory action, and the denial of his motion to reconsider that order.

## JURISDICTION & STANDARD OF REVIEW

The denial of immunity under Mississippi law, like a denial under federal law, is appealable under the collateral order doctrine. *See Sorey v. Kellett*, 849 F.2d 960, 962-63 (5th Cir. 1988) (holding, for purposes of federal collateral order doctrine, state law governs question whether immunity "is immunity for suit or merely a defense to liability"; finding question of qualified immunity under Mississippi law is "properly appealable under the collateral order doctrine"); *Hinds Cnty. v. Perkins*, 64 So. 3d 982, 986 (Miss. 2011) (noting "denials of immunity at the summary judgment stage are reviewed via the interlocutory appeal process"); *Mitchell v. Cty. of Greenville*, 846 So. 2d 1028, 1029 (Miss. 2003) (noting absolute immunity "is an entitlement not to stand trial rather than a mere defense to liability"). Accordingly, this Court has jurisdiction over Lampton's appeal.

No. 10-60848

"We review denials of summary judgment de novo." *Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998).[1] Summary judgment is proper only when the movant demonstrates that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Fed. Ins. Co. v. Ace Prop. & Cas. Co.*, 429 F.3d 120, 122 (5th Cir. 2005). A party's entitlement to immunity from suit is a question of law. *Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990).

"In order to determine state law, federal courts look to final decisions of the highest court of the state." *Transcontinental Gas Pipe Line Corp. v. Transp. Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992). "When there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Id.*

## ANALYSIS

Before proceeding to the merits of Leslie Lampton's appeal, the Court must dispose of an initial matter. Jennifer Diaz argues Leslie Lampton waived the arguments he now presents on appeal by failing to present those arguments to the district court. As the district court's summary judgment order shows, however, Leslie Lampton argued before it that he enjoyed immunity under Mississippi law for his actions, including for filing a suit seeking declaratory relief , and the district court considered and disposed of such arguments. "[A]n argument is not waived on appeal if the argument on the issue before the district court was sufficient to permit the district court to rule on it." *In re Liljeberg Enters., Inc.*, 304 F.3d 410, 428 n.29 (5th Cir. 2002); *see also Elder v. Holloway*, 510 U.S. 510, 516 (1994) (holding party's failure to present legal authority to district court did not prevent raising such authority on appeal). Accordingly,

_____

[1] The district court's denial of a Rule 59(e) motion "that is solely a motion to reconsider a judgment on its merits" is similarly subject to de novo review. *See Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000).

No. 10-60848

Leslie Lampton's arguments were preserved for appeal and are properly before this Court.

As noted above, Leslie Lampton appeals the district court's finding that he did not enjoy immunity as a member of the Commission, under state statute, against claims arising from his filing suit for a declaration that he enjoyed said immunity. That statute, Section 9-19-29 of the Mississippi Code, provides:

> All complaints filed pursuant to the provisions of this chapter shall be absolutely privileged. The commission on judicial performance, its members, executive director, commission counsel, master or fact finder, and their assistants, staff and employees shall be immune from civil suit for any conduct arising out of the performance of their official duties.

MISS. CODE ANN. § 9-19-29 (2009). The district court found Leslie Lampton, as a member of the Commission, enjoyed immunity from suit from all the Diazes' state law claims arising from his work on the Commission. With regard to his filing suit to obtain a declaration of such immunity, however, the district court found, in filing such a suit, Leslie Lampton was acting in his individual capacity, and not as a member of the Commission. The district court thus held his conduct did not "aris[e] out of the performance of [his] official duties," *see id.*, and, therefore, denied Leslie Lampton's motion for summary judgment on the basis of immunity.

In interpreting Section 9-19-29, the district court recognized that the Section had never been applied in any reported decision by the Mississippi courts. Consequently, the district court relied on the text of the statute and two cases interpreting a similar section of the Mississippi code, Section 73-3-345.[2]

---

[2] Section 73-3-345, relating to complaints against attorneys, provides:
All complaints filed pursuant hereto shall be absolutely privileged, and no lawsuit predicated thereon may be instituted, and each person, firm, association, or legal entity filing such a complaint shall be immune from any civil suit predicated thereon. The board of commissioners, the committee on complaints, the executive director, the complaint counsel, the complaint

5

No. 10-60848

The cases on which the district court relied, however, are inapposite. In both such cases, *Netterville v. Lear Siegler, Inc.*, 397 So. 2d 1109 (Miss. 1981), and *Roussel v. Robbins*, 688 So. 2d 714 (Miss. 1996), the Mississippi Supreme Court interpreted the sentence of Section 73-3-345 related to immunity for those who file a complaint with the Commission, which immunity extends only to suits "predicated thereon." *See Netterville*, 397 So.2d at 1113 (finding complainant enjoyed immunity from suit alleging libel and slander in complaint; finding immunity did not extend to communications unnecessary and unrelated to complaint); *Roussel*, 688 So. 2d at 721 (finding Section 73-3-345 did not provide immunity to plaintiff who filed fraud suit against attorney; finding attorney's malicious prosecution counterclaims were not "predicated on disciplinary proceedings," but, rather, predicated on plaintiff's suit). Neither *Netterville* nor *Roussel* considered the broader immunity enjoyed by members of the Commission "for any conduct arising out of the performance of their official duties." *See* MISS. CODE. ANN. §§ 9-19-29, 73-3-345.

Instead, the Court finds instructive *Big "2" Engine Rebuilders v. Freeman*, 379 So. 2d 888 (Miss. 1980), where the Mississippi Supreme Court interpreted a provision of Mississippi's worker's compensation code providing coverage for injuries "arising out of" employment. *See id.* at 889 (discussing MISS. ANN. CODE. § 71-3-3(b) (1972)). There, the Mississippi Supreme Court read the term "arising out of" broadly, stating:

> The statutory language 'arising out of' . . . creates a requisite for compensability. Broadly, 'arising out of' calls for some causal connection between the employment and the injury. However, the

---

tribunals, and their assistants, staff and employees shall be immune from civil suit for any conduct arising out of the performance of their official duties. Every person shall be immune from civil suit for all of his sworn or written statements made or given in the course of any investigation, investigatory hearing, formal hearing or review proceedings and conducted under these disciplinary rules. MISS. CODE ANN. § 73-3-345 (2011).

6

employment need not be the sole cause of the injury; it is sufficient if it rationally contributes to it.

*See id.* at 890.  Although the statute here at issue here concerns immunity and not liability, the Court believes Mississippi would provide a similarly broad construction in determining, for purposes of immunity, what conduct "aris[es] out of" the performance of the Commission member's official duties.  Mississippi courts have noted the Commission is an "integral part of the functioning of the judicial branch of government," *Netterville*, 397 So. 2d at 1112, and have interpreted judicial immunity broadly, granting immunity "even when [unlawful] acts are in excess of [ ] jurisdiction, and alleged to have been done maliciously or corruptly," *Vinson v. Prather*, 879 So. 2d 1053, 1057 (Miss. App. Ct. 2004).

The question thus before the Court is whether Leslie Lampton's suit for a declaration that he enjoyed immunity from suit threatened for "conduct arising out of the performance of [his] official duties" as a member of the Commission, had "some causal connection" and was "rationally contributed to" by Leslie Lampton's performance of his official duties on the Commission.  So framed, the Court finds Leslie Lampton's declaratory relief action was "conduct arising out of the performance of [his] official duties."

The Diazes' letters that prompted Leslie Lampton to seek declaratory relief plainly threatened suit for his alleged "involvement and procurement of [the Diazes'] banking and income tax records," received as part of Dunnica Lampton's complaint to the Commission, and for exercising his power as a Commission member to "bring[ ] charges against [Oliver Diaz]."  Such threatened litigation was clearly for "conduct arising out of the performance of [Leslie Lampton's] official duties," as the district court implicitly found by dismissing those threatened claims as foreclosed by Section 9-19-29 when they were raised as counterclaims below.  Leslie Lampton's suit to foreclose that

threatened action was so directly related to the performance of his official duties, and to retaining immunity for those duties, that it arose out of the performance of his official duties as part of the Commission. Simply put, but for Leslie Lampton's membership on the Commission, he would not have been threatened with suit, and he would have enjoyed no immunity from such suit for which to seek declaratory relief.

Further, a contrary reading would lead to absurd results. If the assertion of immunity is an individual action that does not arise out of the member's official duties, then a member may be sued for conduct squarely immunized by Section 9-19-29, and he could not raise immunity as a defense, because the raising of such a defense would subject the member to suit for which he enjoys no immunity. Such a reading would render Section 9-19-29 a nullity.

Nor does the Court find the fact that Leslie Lampton requested immunity by filing a declaratory judgment action, and not by raising a defense to a previously filed suit, renders Section 9-19-29 inapplicable. "[O]ne does not have to await the consummation of threatened injury to obtain preventative relief." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). To render unimmuned Leslie Lampton's declaratory judgment suit would subject Commission members to repeated threats of litigation, for which they could seek no relief until such time as the threatening party filed suit. Such a result would run afoul of the purpose of declaratory relief, *see Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95-96 (1993) (noting, without declaratory relief, plaintiff could "engage[] in a *danse macabre*, brandishing a Damoclean threat with a sheathed sword"), and the Court sees no reason why Commission members should be denied relief which the broader public enjoys.

If Leslie Lampton violated his oath of secrecy, he may be subject to discipline. *See* MISS. CODE ANN. § 9-19-19 (providing "[a]ll commission members . . . shall take an oath of secrecy concerning all proceedings before the

commission, violation of which shall be punishable as contempt"). He is not, however, subject to suit for such violation if it arose in the performance of his official duties, including in the assertion of that immunity, which he enjoys solely as protection for those duties.

## CONCLUSION

Accordingly, the judgment of the district court, insofar as it denied immunity to Leslie Lampton for his filing of the declaratory relief action, is REVERSED, and the case is REMANDED to the district court for proceedings consistent with this opinion.

No. 10-60848

HAYNES, Circuit Judge, dissenting:

I respectfully dissent from the (implicit) decision not to certify this question to the Mississippi Supreme Court pursuant to Mississippi Rule of Appellate Procedure 20 which provides for certification where "there may be involved in any proceeding before [us] questions or propositions of law of this state which are determinative of all or part of [our case] and there are no clear controlling precedents in the decisions of the Mississippi Supreme Court." MISS. R. APP. P. 20(a).  The majority opinion correctly states that this case involves interpretation of a statute that has "never been applied in any reported decision by the Mississippi courts."  Op. at 5.  Thus, it clearly meets Rule 20's requirement.

Of course, both the decision to certify a question and the acceptance of a certified question are discretionary matters in each court.  *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 487 (5th Cir. 2003).  In previous decisions, we have outlined factors to guide us in determining whether to exercise that discretion: (1) the closeness of the question; (2) the existence of sufficient sources of state law on the question "to allow a principled rather than conjectural conclusion"; (3) considerations of comity, such as the importance of the issue to the state; and (4) the practical limitations of the certification process, such as unnecessary delay and a possible inability to frame the question so as to produce a helpful response. *Williamson v. Elf Aquitaine, Inc.*, 138 F.3d 546, 549 (5th Cir. 1998).

This case presents a close question. While the majority opinion's approach is plausible, I am concerned with the imperfect analogies to workers' compensation insurance in construing "arising out of" and to judicial immunity in construing the breadth of immunity granted.  I am also concerned that the majority opinion's approach takes a concept of insurance interpretation (where

10

coverage is always construed in favor of the insured[1]) and plugs it into a completely unrelated statute. Further, the majority opinion's interpretation of Section 9-19-29 completely reads out "the performance of" from the section.

Under the majority opinion, anything that has some "causal connection" to Lampton's "official duties" such that those duties "rationally contributed to" the event in question is protected by immunity. Of course, that would cover everything Lampton does with the information he learned through his "official duties" regardless of whether it relates to "the performance of" those duties. Had Lampton learned the same confidential information as a member of the Commission and then walked down to the local pub and started telling what he knew to the other patrons, that conduct would have some "causal connection" to his work on the Commission because without that work, he never would have known the information. Yet I doubt anyone would say he should be or is entitled to immunity for such conduct.

Instead, I think the phrase "the performance of" acts a limitation on "arising out of." Here, the decision to file a pre-emptive declaratory judgment action came after he left the Commission to protect himself personally.[2] It was not in any way a part of the performance of his official duties and is only

---

[1] *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1157 (Miss. 2010); *Myers v. Am. States Ins. Co.*, 914 So. 2d 669, 676 (Miss. 2005).

[2] The majority opinion's suggestion that a declaratory judgment is some sort of absolute right and the appropriate response every time one is threatened with a lawsuit is misplaced and not supported by the cases cited. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'") (internal citation omitted)). In *Babbitt*, the question was whether one could challenge the constitutionality of a criminal statute without first being charged with violating it. 442 U.S. at 298. In *Cardinal Chemical*, the issue was whether the validity of a patent could be adjudicated without a pre-existing suit for infringement. 508 U.S. at 95-96. In both cases, the declaratory judgment was needed to address the propriety of ongoing conduct, not merely head off a lawsuit. Filing a lawsuit to assert one's right not to be sued makes little sense under the facts here and is certainly not an absolute right.

No. 10-60848

causally linked to those duties by the fact that he would not have known the information he revealed if he had not been on the Commission.

The majority opinion posits that the failure to extend immunity to this situation would lead to the absurd result that the Diazes could sue Lampton, and he would not be able to assert immunity as a defense. I respectfully disagree. If the Diazes filed a complaint and said "you did X and Y," whatever secrets revealed there would be their doing, not that of Lampton. He would then be able to say "I did the things alleged in paragraphs 1-10 as a member of the Commission and, therefore, claim immunity" without having to reveal any new information or confidences. I offer this analysis not to suggest that we should affirm the district court, but rather to show that the question is not a simple one but a close one.

As far as the second factor, I submit that the majority opinion shows an absence of state law sources to make anything other than a guess at Mississippi law. The cases cited actually come out the opposite to that of the majority opinion, though I agree that they are distinguishable. Workers' compensation law, as mentioned above, is not the same as immunity for Commission members. While judicial immunity may be broadly construed, there is nothing to require that this broad construction spill over to Commission members. Thus, we are left with little upon which to base an opinion.

Turning to "considerations of comity," the disciplining of judges and, by extension, protection for those who are charged with that duty, is the province of the sovereign who gave the judge his or her power in the first place. *Cf. Landmark Commc'ns v. Virginia*, 435 U.S. 829, 848 (1978) (Stewart, J., concurring in the judgment) ("There could hardly be a higher governmental interest than a State's interest in the quality of its judiciary."). Although one could argue that the absence of any cases construing this statute means that the statute is not important (although that would be true, then, of any question we

12

No. 10-60848

certify), the majority opinion suggests that the question is an important one. Indeed, this case deals with balancing protection of Commission members from suit against protection of those investigated by the Commission from breaches of their confidentiality. Further, if the majority opinion is viewed as an authoritative construction of the phrase "arising out of" outside the insurance context, certainly there are many statutes using this language. Thus, it could have an impact outside this particular context.

Finally, I do not see any undue delay created by certification. Nor do I think the question is particularly difficult to frame: Does the immunity provided by Section 9-19-29 protect the action of a former Commission member of revealing confidential information in a declaratory judgment he filed of public record not under seal?

Accordingly, I respectfully dissent from the decision not to certify this question.