Jane H. BROWNING, Individually and as Co–Independent Executrix of the Estate of William W. Browning, Jr., et al., Plaintiffs–Appellees,

v.

Don NAVARRO, Individually and as Trustee for Pat S. Holloway, et al., Defendants,

Pat S. Holloway, Defendant–Appellant.

Jane H. BROWNING, et al., Plaintiffs–Appellants,

v.

Don NAVARRO, et al., Defendants–Appellees.

Nos. 88–1761, 88–1894.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1990.

---

Pat S. Holloway, pro se.

R. Jack Ayres, Jr., Thomas V. Murto, III, Law Offices of R. Jack Ayres, Jr., Dallas, Tex., for plaintiffs-appellees.

J. Albert Kroemer, Dallas, Tex., for Robbie Holloway.

## ON PETITIONS FOR REHEARING

Before POLITZ, DAVIS and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

In *Browning v. Navarro*, 887 F.2d 553 (5th Cir.1989) (*Browning III*), we held that the preclusive effect of *Holloway v. Walker*, 784 F.2d 1287 (5th Cir.) (per curiam), *cert. denied*, 479 U.S. 984, 107 S.Ct. 571, 93 L.Ed.2d 576 (1986) barred the Holloways from attacking a state court judgment (the Walker judgment) on the ground that it was fraudulently obtained. The result of our decision was to allow the judgment creditors, the Brownings, to retain the spoils of their state court victory. The Holloways now seek a rehearing. All of the arguments which they make, except one, were dealt with in *Browning III* and we will not revisit them. The Holloways now argue on rehearing, for the first time, that Robbie Holloway should not be precluded by *res judicata* because she was not a party to *Holloway v. Walker*.

Generally speaking a party may not raise an argument for the first time in a petition for rehearing. *See, e.g., United States v. Bigler*, 817 F.2d 1139, 1140 (5th Cir.), *cert. denied*, 484 U.S. 842, 108 S.Ct. 130, 98 L.Ed.2d 88 (1987) and *Wells v. Rushing*, 760 F.2d 660, 661 (5th Cir.1985). Before we can grapple with whether Robbie Holloway is procedurally barred from raising this issue, we must decide whether she is a proper party to this appeal.

Robbie Holloway did not appeal the district court's judgment of May 23, 1986 which held that the Walker judgment was valid. The Brownings argue that the May 23 judgment, therefore, is final as to her. Robbie Holloway argues that the May 23 judgment was reversed in part by *Browning v. Navarro*, 826 F.2d 335 (5th Cir.1987) (*Browning* II) and that under *Annat v. Beard*, 277 F.2d 554, 558 (5th Cir.), *cert. denied*, 364 U.S. 908, 81 S.Ct. 270, 5 L.Ed.2d 223 (1960) she should be allowed to share in the fruits of Pat Holloway's partial victory in *Browning II*.

There is language in *Annat* which supports Robbie Holloway's position. The *Annat* court stated "A reversal on appeal does not inure to the benefit of those who did not join in the appeal unless the interests of the non-appealing parties are so interwoven and dependent as to be inseparable." 277 F.2d at 558. This language, however, is no longer good law in light of *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). The *Torres* Court held that the failure to name a party in the notice of appeal was a jurisdictional defect. *Id.* 108 S.Ct. at 2409. Thus we did not have jurisdiction over Robbie Holloway in *Browning II* and our decision to reverse could not inure to her benefit.

The petition for rehearing, therefore, is DENIED.