McMILLIN, C.J.,
for the Court.
¶ 1. This is an appeal from a judgment of conviction of manslaughter returned against Pearlie Martin by a Noxubee County jury in the death of Dee Earl Rice.
¶2. Martin stabbed Rice in the chest with a kitchen knife, causing substantial bleeding and the ultimate death of Rice. The stabbing occurred during the course of an argument between the two. Martin claimed that Rice was physically assaulting her with his fists and that she feared imminent severe bodily harm. She contended that she seized the knife as she and Rice argued in the kitchen of her residence and that she stabbed him in self-defense.
¶ 3. The jury convicted Martin and she has now appealed, raising two issues. She claims that the evidence was insufficient to establish her guilt as a matter of law, entitling her to have the guilty verdict reversed and rendered. Alternatively, she argues that the verdict of guilty was so contrary to the weight of the credible evidence presented at trial that to allow the verdict to stand would result in a substantial miscarriage of justice, entitling her to a new trial. We find no merit in either issue and affirm the conviction.
I.
Facts
¶ 4. Martin and Rice, apparently in some sort of romantic relationship, became involved in a bitter argument when Rice became convinced that Martin was paying too much attention to another man. A witness for the State said he witnessed part of the argument and heard other portions as he sat in the living room of Martin’s home and the couple moved from room to room. This witness testified to hearing the argument being continued in the kitchen and to seeing Martin hurriedly leave the kitchen with Rice in pursuit behind her with blood on his shirt. At that point, the witness became alarmed and left the premises. He testified that, although the argument was prolonged and heated, he did not observe Rice physically assault or menace Martin in any way, nor did the portion of the exchange he heard from the kitchen indicate to him that Martin was in distress or the subject of a physical attack.
¶ 5. Other witnesses told of Martin approaching a neighboring dwelling covered in blood, holding a knife to her chest, and saying that somebody needed to check on Rice because she had just stabbed him. These witnesses testified that Martin seemed relatively calm and showed no physical evidence of having recently been in a physical altercation of any sort.
II.
The Sufficiency of the Evidence
¶ 6. The trial court denied Martin’s post-verdict motion for judgment notwithstanding the verdict, which tests the sufficiency of the evidence presented to establish the defendant’s guilt. The trial court, in ruling on the motion, reviews all the evidence in the light most favorable to sustaining the verdict and is obligated to grant the evidence only if the court is convinced that, as to one or more of the essential elements of the crime, the evidence was non-existent or so lacking in probative value that a reasonable and fair-minded juror objectively viewing the evidence could only find the defendant not *382 guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). If the trial court denies the motion and that ruling is the subject of appeal, the appellate court is charged to review the evidence in the same light to determine whether or not the trial court erred. Towner v. State, 726 So.2d 251, 254(¶ 7) (Miss.Ct.App.1998).
¶ 7. The elements of manslaughter include “the killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense”. Miss.Code Ann. § 97-3-35 (Rev.2000). In this case, the State presented credible evidence as to each of the essential elements of the crime.
¶ 8. Martin’s argument centers on two propositions. First, she claims that the State failed to prove that the killing was done in “a cruel or unusual manner” within the meaning of the statute. Miss. Code Ann. § 97-3-35 (Rev.2000). The entire argument on this point consists of a one sentence statement of the proposition. We note that the statute contemplates alternative theories to sustain a manslaughter conviction in that the crime may be charged as a killing in “a cruel or unusual manner” or “by use of a deadly weapon.” Miss.Code Ann. § 97-3-35 (Rev.2000). “It is a general rule that where a statute denounces as an offense two or more distinctive acts, things, or transactions enumerated therein in the disjunctive, the whole may be charged conjunctively and the defendant found guilty of either one.” Lenoir v. State, 237 Miss. 620, 623, 115 So.2d 731, 732 (1959). We conclude that the use of a knife to stab the victim to death, if found to have been done in the heat of passion without malice and not in necessary self-defense, would be sufficient evidence to convict of manslaughter through the use of a deadly weapon without the necessity of a specific finding that the stabbing was undertaken in a cruel or unusual manner.
¶ 9. Martin’s second argument centers on the proposition that the State had the burden of showing that the killing was not in necessary self-defense. Martin testified that she was being subjected to a prolonged physical assault by Rice at the time of the stabbing and that the assault was of such severity that she was in fear of bodily injury. She further points to her testimony that there was a history of prior physical abuse as demonstrating the reasonableness of her fear of imminent bodily harm. Her contention seems to be that this evidence was sufficiently probative to raise a reasonable doubt in the jurors’ minds as to whether the State had carried its burden on the issue of self defense.
¶ 10. The State’s evidence provided by multiple witnesses tended to negate any notion that Martin was reasonably in fear of imminent bodily harm from Rice. The proof showed she was forty two years of age and Rice was sixty one years of age and suffering from emphysema, making his ability to pursue and assault her for the prolonged period contended by her in her own uncorroborated testimony a doubtful proposition. There was also the testimony of an eyewitness to substantial parts of the argument between Martin and Rice indicating that the argument, though perhaps heated, did not ever degenerate into a physical altercation. Other witnesses testified to seeing Martin shortly after the incident, at which time she appeared relatively calm and did not exhibit any emotional or physical symptoms normally associated with the victim of a recent severe physical assault. The jury sat as fact-finder in this case and its resolution of disputed questions of fact must be afforded substantial deference. Barnes v. State, 721 So.2d 1130, 1133(¶ 9) (Miss.Ct.App. *383 1998). Viewing the evidence in the light most favorable to the State, we cannot say that the evidence tending to negate Martin’s self-defense claim was such that the State’s proof was insufficient as a matter of law to support a guilty verdict. In that situation, we have no alternative other than to deny relief on this ground.
III.
The Weight of the Evidence
¶ 11. Even in those instances where the trial court finds there was evidence as to each essential element sufficient to convict, the court has the discretion to order a new trial when it finds that the guilty verdict was so against the weight of the evidence that to permit the verdict to stand would work a manifest injustice. Wetz,. 503 So.2d at 812. In this case, that issue was presented to the trial court in the form of a new trial motion, which the court denied. Martin now claims that the denial of that motion was reversible error.
¶ 12. Again, we are charged to view all the evidence in the light most favorable to the State and, after that review, to determine the trial court was correct in our view in denying the motion. McClain v. State, 625 So.2d 774, 781 (Miss.1993).
¶ 13. The sole genuinely disputed issue of fact at trial was whether Martin stabbed her victim in necessary self defense. The only evidence supporting that defense was Martin’s own testimony, which was impeached to a substantial degree by other witnesses testifying for the State. Based on our review of the evidence, we do not find Martin’s testimony so probative or the State’s evidence so improbable or otherwise unworthy of belief as to convince this Court that a manifest injustice would occur were the jury’s verdict permitted to stand. There is, therefore, no basis in law to disturb the verdict on this ground.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF NOXUBEE COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF 15 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NOXUBEE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.