**HELENA LABORATORIES CORP., Plaintiff,**

v.

**ALPHA SCIENTIFIC CORP., Defendant.**

Civil Action No. 1:06–CV–16.

United States District Court, E.D. Texas, Beaumont Division.

April 20, 2007.

Bruce Manuel Partain, Wells Peyton Greenberg & Hunt, Beaumont, TX, Jerold Ira Schneider, Akerman Senterfitt, West Palm Beach, FL, for Plaintiff.

Joseph F. Posillico, Joshua R. Slavitt, Synnestvedt Lechner, Philadelphia, PA, Lawrence Louis Germer, Charles W. Goehringer, Jr., Germer Bernsen & Gertz, Beaumont, TX, for Defendant.

### ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

RON CLARK, District Judge.

Before the court is Defendant Alpha Scientific Corporation's Motion to Alter or Amend Judgment. Defendant seeks reconsideration of the court's grant of partial summary judgment holding that Helena's H–Pette Model 3611 does not infringe.[1]

### I. Background

Alpha is the owner of United States Patent No. 5,344,666 ("the '666 patent"). The '666 patent describes a device which is used to dispense fluid from a container (commonly a test tube). The container is closed with a stopper of rubber or other resilient material which can be pierced.

---

1. Alpha's motion was improperly filed under Fed.R.Civ.P. 59(e) because no final judgment has been entered. However, it is undisputed that the court has discretion to treat the motion as one for reconsideration under Fed. R.Civ.P. 54(b).

The device is pushed or inserted through the stopper so that one end of the device is inside the stoppered container while the dispensing end remains outside the container. The stoppered container is turned upside down so that the dispensing end is below the container. The dispensing end has two or more projecting surfaces, other than the dispensing tip, which are placed against a target surface (commonly a microscope slide). Pressure is applied to the other end of the container. This causes the device to compress the stopper, which reduces the volume of the container and forces a predetermined amount (a drop) of fluid to flow from the container onto the target surface.

The Accused Product, Helena's H–Pette Model 3611 also has a pointed tip or cannula which pierces the stopper so that one end of the device is inside the stoppered container while the dispensing end remains outside the container when in use, just as with the '666 devices. But the Helena H–Pette Model has a dispensing tip which is placed against the microscope slide or other target surface.

The court conducted a *Markman* hearing to assist the court in interpreting the meaning of any claim terms in dispute. The only disputed term was "stabilizing supports," which the court construed as:

> two or more parts or projecting surfaces at the end of the dispenser from which fluid is dispensed, other than the end of the passageway out of which fluid is dispensed, which: make contact with the target surface; keep said passageway opening from being forced into the target surface; tend to keep the end of the passageway out of which fluid is dispensed in the same position relative to the target surface; and which transfer back to the stopper, the force applied by the user on the container and/or dispenser for the purpose of dispensing fluid.

On January 25, 2007, the court granted Plaintiff's Motion for Summary Judgment, holding that Helena's H–Pette 3611 Product did not infringe because it does not include or use stabilizing supports, as defined by the court.

## II. Standard of Review

 Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Intl. Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989). It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of judgment or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro,* 894 F.2d 99, 100 (5th Cir.1990). A motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier." *Resolution Trust Corp. v. Holmes,* 846 F.Supp. 1310, 1316 (S.D.Tex. 1994).

## III. Analysis

Defendant argues that the court improperly interpreted "stabilizing supports" in its Claim Construction Order [Doc. # 47] in a manner that created a latent ambiguity in the claims where none previously existed. Defendant states that this ambiguity arises from the use of the term "passageway," which could be interpreted either as: 1) the pathway (i.e. that region of empty space) extending through the dispenser body, or 2) portions of the dispenser body itself. Defendant contends that because the parties have not had an opportunity to present evidence as to the meaning of the term "passageway," this procedural error was compounded into a substantive error by the court's decision.

The parties had ample time to present evidence for claim construction, and the court addressed this precise argument on the term "passageway." During the *Markman* hearing, the following discussion was held:

THE COURT: ... How do we define the opening? What—

MR. SLAVITT (Alpha's counsel): The passageway, your Honor. The passageway is the—

THE COURT: Well, the passageway is the whole thing. There's got to be an end that—I mean, there's got to be one part where the fluid comes into the passageway and one part where the fluid comes out of the passageway.

MR. SLAVITT: Yes.

THE COURT: How do you want me to describe the end of the passageway at which fluid comes out?

MR. SLAVITT: Your Honor said it most aptly right there, the end of the passageway ...

MR. SLAVITT: Your Honor, the passageway—the end of the passageway where fluid comes out is—we would agree that would be a descriptive way—an accurate way of describing *that portion of the structure.* (emphasis added)

Transcript of Claim Construction Hearing at 34–35 [Doc. # 56]; *See also* Transcript of Claim Construction Hearing at 25–26 [Doc. # 56]

Defendant's present assertion that "passageway" can mean either space or the structure around it employs the same metaphysical argument already rejected in this court's Order on Plaintiff's Motion for Summary Judgment. [Doc. # 58, p. 5–7 of 15] Claim construction is not determined by metaphysical argument.[2] After exclud-

ing what the patentee disavowed, the court must determine what the patentee actually invented and described as the invention-not how the bounds of the claims may be stretched by a fertile imagination after the patent is issued.

 Alpha asserts that "a fully functioning dispensing tip which includes a stabilizing support is not only possible, it is found in the accused Helena device." [Doc. # 59–2, p. 9 of 11] The Claim Construction Order [Doc. # 47, p. 10 of 13] sets out the reasons that the "end of the passageway" cannot be one of the stabilizing support. If the court's analysis is correct, Alpha's Memorandum itself summarizes the basis for the summary judgment: "Helena has ... specifically designed a dispensing tip that is orders of magnitude more robust [than the tip in the Forbes patent] and is clearly intended to constitute a stabilizing support, as that term is used in the patent claims." [Doc. 59–2, p. 9 of 11]. The Helena "dispensing tip" is the "end of the passageway out of which fluid is dispensed" even if it is robust. So the Helena device does not infringe upon the '666 patent, which describes a dispenser with stabilizing supports (plural) "other than the end of the passageway out of which fluid is dispensed."

Alpha's Motion to Alter or Amend Judgment [Doc. # 59–1] is **DENIED.**

So **ORDERED** and **SIGNED.**

---

2. Even a metaphysical argument leads nowhere because a description of space as a theoretical concept means nothing if the meaning is not presented in an empirical object. *See* Immanuel Kant, *Critique of Pure Reason* 259–260 (Norman Kemp Smith trans. Macmillan & Co. Ltd.1963). In other words, the artisan skilled in the art relevant to this patent is dealing with physical objects, not disembodied space.