IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-30243
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARVIN BEAULIEU,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:01-CV-1164

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pro se appellant Marvin Beaulieu appeals the district court's denial of his Rule 12(b)(6) motion to dismiss for failure to state a claim and his Rule 12(f) motion to strike. In 2002, the district court entered summary judgment in favor of the United States Small Business Administration against Beaulieu and two other defendants, William Harrison and Sylvia Mouton, in the amount of $307,711.50. On appeal, we reversed the judgment only with respect to Harrison

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and Mouton because Beaulieu never filed a notice of appeal under Rule 3(c)(1)(A) of the Federal Rules of Appellate Procedure and was thus not a party to the appeal. Accordingly, that reversal had no effect on the entry of summary judgment as to Beaulieu.[1]

The district court's entry of summary judgment was not void for lack of subject matter jurisdiction because the claims involved federal statutes and nothing in the record indicates that the court otherwise lacked jurisdiction. Nor has Beaulieu demonstrated any excusable neglect that would entitle him to relief under Rule 60(b) of the Federal Rules of Civil Procedure.[2]

The district court correctly decided all issues presented to it, and those issues brought for the first time on appeal have been waived.[3] Accordingly, we AFFIRM the district court's denial of Beaulieu's motions for the reasons stated in the district court's opinion.

---

[1] See Browning v. Navarro, 894 F.2d 99, 100 (5th Cir. 1990) (holding that the reversal of a judgment cannot inure to the benefit of a party that was not named in the notice of appeal).

[2] FED. R. CIV. P. 60(b)(1) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .").

[3] Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) ("As a general rule, this Court does not review issues raised for the first time on appeal.").