# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-60781

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 28, 2009

Charles R. Fulbruge III
Clerk

ANTHONY QUINN GIBSON

Plaintiff-Appellee

v.

CAREY ESTES, Individually

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No.2:05-CV-170

Before JONES, Chief Judge, and HIGGINBOTHAM and HAYNES, Circuit Judges.

EDITH H. JONES, Chief Judge:[*]

Anthony Quinn Gibson ("Gibson") sued Mayor Carey Estes in his individual capacity under state law for malicious interference with employment after Gibson was fired. The jury awarded Gibson $60,000 in actual damages.

After reviewing the briefs, hearing oral argument, and relying on pertinent portions of the record, we conclude that the issues raised on appeal do not present reversible error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, we reject Estes's contention that Mississippi law requires an independent tort to be the basis for the "unlawful purpose" prong of the claim for malicious interference with at-will employment. *See Levens v. Campbell*, 733 So. 2d 753, 760-61 (Miss. 1999) (elements of claim include "3) that [intentional acts] were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant...."). No Mississippi case supports this interpretation. Although the interplay of "bad faith," unlawful purpose, and "without right or justifiable cause" are confusing at the margins of analysis, the discussion of *Levens* in *Morrison* binds the federal courts and sufficiently resolves any conundrum for purposes of this case. *See Morrison v. Miss. Enterp. for Tech., Inc.*, 798 So. 2d 567, 575-76 (Miss. Ct. App. 2001). Because we see no fatal inconsistency in state court decisions, there is therefore no benefit to the legal system in attempting to certify this case to the Mississippi Supreme Court.

Second, based on *Levens* and *Morrison*, there is sufficient evidence to support the verdict that Mayor Estes exhibited bad faith by seeking Gibson's termination in order to retaliate for Gibson's law enforcement activities against Estes and his family and to prevent future investigations. There was also sufficient evidence that Mayor Estes's actions caused the termination.

**AFFIRMED.**