**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 26, 2012

Lyle W. Cayce
Clerk

No. 11-60709

CARL LEE GREEN,

Plaintiff – Appellant

v.

CITY OF MOSS POINT, MISSISSIPPI, A Municipal Corporation; OFFICER
BARRY CLARK,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Carl Lee Green led the police on a wild, 100 mile-per-hour chase throughout the streets of Moss Point, Mississippi, located on the Gulf of Mexico. The chase was in, around, and about the town until Green found himself facing the Gulf of Mexico at a dead end and, then, facing a pair of police cars blocking his only exit. Faced with tough choices, Green thought it a more sensible plan to remove the police car from his path than to undertake an exit into the Gulf. It may have been the better option, but bashing the car out of his way and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60709

forcing himself out of the dead-end, led to a cemetery, where he was captured, and on to state court, where he was convicted on his guilty plea of simple assault on a law enforcement officer.

Carl Lee Green, however, is neither contrite nor daunted, which brings us to this appeal today. He sued the policeman, Officer Barry Clark, whose car he intentionally bashed and, according to the admissions of his guilty plea, whose life he put in serious danger, on the grounds of his alleged use of excessive force. He sued the City of Moss Point as well. Because Green pleaded guilty to simple assault on a law enforcement officer, we hold that the district court did not err by dismissing Green's § 1983 suit on the grounds of the *Heck* doctrine nor in dismissing Green's state law claims on the grounds that Clark was entitled to qualified immunity under the Mississippi Tort Claims Act (MTCA).

I.

On March 19, 2008, Green was driving his Ford Bronco, with a license plate issued to another vehicle and an expired driver's license, in Moss Point, Mississippi.

Moss Point Police Officer Barry Clark observed Green's truck facing the wrong direction on the road. Clark radioed Officer Martin and told him to check out the Bronco's license plate. When Green saw Officer Martin, he fled in his Bronco and tried to "lose" the police by taking multiple turns and driving upwards of 100 miles per hour.

Green took officers Martin and Clark on a high-speed chase throughout Moss Point. During the pursuit, Green ran Martin's vehicle off the road into a ditch. Despite Green's continued efforts to evade law enforcement officers, his circuitous path eventually reached a dead end at the Gulf of Mexico; and any further efforts to escape seemed at an end.

Realizing that he could no longer continue forward, Green pulled his car into the empty parking lot of a community center and made a u-turn. Officers

No. 11-60709

Martin and Green maneuvered their cars in order to partially block the only exit from the community center.

Did he surrender to the police? No. Green ran his Ford Bronco into the passenger's-side front door of Officer Clark's police cruiser. Green ran into the cruiser with such force that Clark's car's windshield was severely cracked and its door was dented. Officer Clark immediately exited his police cruiser, drew his weapon, and fired multiple shots into Green's truck's windshield. After the shooting began, Green drove toward Officer Clark again. In response, Clark continued to fire gunshots into Green's windshield. Green was hit by bullets in the shoulder and the arm, and he was possibly grazed by another bullet.

Still, Green continued to drive the truck through the community center's exit. The pursuit continued for several more miles, but Green's speed and maneuverability decreased because of a blown-out tire. The chase ended in a cemetery, where Officer Martin placed Green in handcuffs. As a result of his misadventure, Green required hospitalization and several surgeries.

## II.

On August 21, 2009, Green filed suit against the City of Moss Point and Officer Clark in the United States District Court for the Southern District of Mississippi under 42 U.S.C. § 1983 and the Mississippi Tort Claims Act.[1]

On January 15, 2010, Officer Clark moved for partial summary judgment, arguing that he, in his individual capacity, and the City were entitled to qualified immunity under both Mississippi and federal law. The district court granted in part and denied in part Clark's motion. The court held that genuine issues of material fact remained relative to Green's excessive force claim. Thus,

---

[1] The complaint articulated four § 1983 causes of action: (1) deprivation of civil rights; (2) failure of Moss Point to adequately train and supervise officers; (3) negligent hiring, retention, and discipline; and (4) excessive force. Green only appeals the dismissal of his § 1983 claim for excessive force.

No. 11-60709

the district court did not grant summary judgment on this ground. In the same order, the district court granted summary judgment dismissing Green's state law tort claims for battery, assault, and intentional infliction of emotional distress. The district court held that Clark was entitled to qualified immunity under the MTCA, because Clark was acting within the scope of his duty and because Green was engaged in criminal activity at the time of the shooting.

While Green's civil suit was pending in federal court, criminal charges arising from the incident were also pending against Green in Mississippi state court. Green had been indicted on August 15, 2008 by a Jackson County grand jury for aggravated assault on a law enforcement officer; Green had pleaded "not guilty" to this charge. On August 2, 2011, however, Green pleaded guilty to simple assault on a law effacement officer. Through the course of pleading guilty, Green admitted to "attempt[ing] to cause bodily injury to Barry Clark by striking a vehicle occupied by Barry Clark with Lee Carl Green's vehicle."

After Green pled guilty to simple assault on a law enforcement officer, Clark filed another motion for summary judgment. The district court granted the defendants' motion for summary judgment, holding that Green's excessive force claims are barred by the *Heck* doctrine. The district court also denied reconsideration of the dismissal of Green's state law claims. Thus, the entirety of Green's complaint was dismissed with prejudice.

Green now appeals, arguing that the district court erred both by applying the *Heck* doctrine to bar Green's excessive force claim and by holding that Clark was acting within the scope of his employment to bar Green's state law causes of action.

III.

First, we will consider whether the district court erred by dismissing Green's § 1983 claim for excessive force against Clark on the basis of the *Heck* doctrine.

4

No. 11-60709

In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." In other words, a "plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted," unless the plaintiff can prove that this conviction has already been invalidated. *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (citing *Heck*, 512 U.S. at 486-87); *see also Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999). Thus, in order to determine whether *Heck* precludes Green's § 1983 claim against Officer Clark for excessive force, we must determine whether a judgment in Green's favor would necessarily undermine his conviction for simple assault on a law enforcement officer. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Green pleaded guilty to simple assault of a law enforcement officer in Mississippi state court for violating section 97–3–7 of the Mississippi Code. This section provides, in pertinent part:

> A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or . . . (c) attempts by physical menace to put another in fear of imminent serious bodily harm . . . . However, a person convicted of simple assault [upon a law enforcement officer while the law enforcement officer is acting within the scope of his employment] . . . shall be [imprisoned] for not more than five (5) years . . . .[2]

---

[2] The facts to which Green pled guilty support a conviction under both subpart (a) and subpart (c) of section 97–3–7 of the Mississippi Code. *See United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996) ("A disjunctive statute may be pleaded conjunctively and proven disjunctively."); *Lenoir v. State*, 115 So. 2d 731, 732 (Miss. 1959) ("It is a general rule that where a statute denounces as an offense two or more distinctive acts, things, or transactions enumerated therein in the disjunctive, the whole may be charged conjunctively and the defendant found guilty of either one."); *Martin v. State*, 818 So. 2d 380, 382 (Miss. Ct. App.

No. 11-60709

Miss. Code Ann. § 97–3–7.[3] The facts to which Green pleaded guilty are as follows:

> [Green] attempted to cause bodily injury to Barry Clark by striking a vehicle occupied by Barry Clark with Lee Carl Green's vehicle . . . [a]nd attempt[ed] to strike the person of Barry Clark with his vehicle. . . . [A]t that time Barry Clark was an officer employed by the Moss Point Police Department and [was] acting in the scope of his duty.

To succeed on a § 1983 claim for excessive force, Green must prove that he "suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004) (citations omitted); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). Furthermore, " [u]se of deadly force is not unreasonable when an officer would have reason to believe that the suspect poses a threat of serious harm to the officer or others." *Mace v. City of Palestine*, 333 F.3d 621, 624 (5th Cir. 2003) (citing *Tennessee v. Garner*, 471 U.S. 1 (1985). Ultimately, Green's suit is barred by the *Heck* doctrine if proving that Clark's use of force was objectively unreasonable would necessarily call into question the validity of Green's conviction for simple assault on a law enforcement officer. *See Ballard*, 444 F.3d at 398.

Viewing the facts, the law, the plea, and the conviction, Green cannot prove his excessive force claim without calling into question his criminal

---

2002).

[3] Green argues that he did not plead guilty to simple assault on a law enforcement officer and, instead, pleaded guilty to a generic, simple assault charge. In his petition to plead guilty, Green stated "I, L. Carl Green, do hereby petition this honorable court to accept my plea of guilty to the crime(s) of SAOLEO ['simple assault on a law enforcement officer.']" Thus, there is no merit to this argument; Green undoubtedly pled guilty to a charge of simple assault on a law enforcement officer.

No. 11-60709

conviction. Green assaulted Clark with a truck before Clark started shooting at him; then, mere seconds later, Green assaulted Clark again by driving his truck toward Clark to run him over. Green himself summarized the events by saying "[i]t all happened so fast." Furthermore, Green's conviction for simple assault on a law enforcement officer necessarily implies that Clark did not use excessive force by shooting at Green under circumstances Green admitted in his guilty plea. *See Sappington*, 195 F.3d at 237; *see also Hainze v. Richards,* 207 F.3d 795, 798-99 (5th Cir. 2000). As noted above, Green's conviction required proof that Green "attempt[ed] to cause or purposely, knowingly or recklessly cause[d] bodily injury" or "put another in fear of imminent serious bodily harm." Miss. Code Ann. § 97–3–7. We further note that excessive force is not unreasonable "when an officer would have reason to believe that the suspect poses a threat of serious harm to the officer or others." *Mace*, 333 F.3d at 624 (citing *Garner*, 471 U.S. at 1). Moreover, under Mississippi law, any person can use deadly force "where there shall be reasonable ground to apprehend a design to commit a felony or *to do some great personal injury*, and there shall be imminent danger of such design being accomplished," Miss. Code Ann. § 97–3–15(1)(f). Because Green's criminal conviction was premised upon his attempting to cause, or putting another in fear of, serious bodily injury, Clark acted reasonably under the circumstances, regardless of whether we consider Mississippi or federal law. Green cannot prove otherwise without negating his conviction for simple assault on a law enforcement officer. In short, Green's claim is exactly the sort of claim the *Heck* doctrine was established to prevent.

## IV.

Next, we are obliged to address Green's argument that the district court erred by dismissing his state law causes of action under the Mississippi Tort Claims Act against Clark in his individual capacity. According to Green, Clark was acting with malice at the time of the shooting and was consequently acting

outside of the scope of his duty as a police officer, stripping Clark of his qualified immunity and entitling Green to relief on his state law claims.

The MTCA provides the exclusive remedy for tort actions brought against a governmental entity or its employees. Miss. Code Ann. § 11-46-7(1). A governmental employee who commits a tort with malicious intent, or a tortious offense constituting a criminal offense other than a traffic violation, may be held personally liable for that act, and the governmental entity employing him or her is absolved of liability.[4] Miss. Code Ann. § 11-46-5(2).

Green did not raise this malicious intent argument in the district court until he filed a motion for reconsideration of the dismissal of his state law claims. In fact, in his response to Clark's first motion for summary judgment, Green conceded that Clark was acting in his official capacity at the time of the shooting. Only in rare circumstances, not present here, do we consider an issue raised for the first time in a motion for reconsideration. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir.1990). Thus, because Green does not explain why he did not raise this argument before the district court until his motion for reconsideration, he has clearly forfeited this argument.

Even if, however, Green had not forfeited this argument, he would still not be entitled to relief. Outside of the shooting itself, Green offers no proof that Clark acted maliciously. Moreover, the doctrine of collateral estoppel – the principle that a criminal conviction is conclusive as to an issue arising against

---

[4]    [B]ut no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties. . . . [A]n employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel . . . .

Miss Code Ann. § 11-46-7(2).

No. 11-60709

the criminal defendant in a subsequent civil action – would barr Green from proving that Clark acted unreasonably, let alone maliciously, under the circumstances. *See Tomlinson v. Lefkowitz*, 334 F.2d 262, 264 (5th Cir. 1964).

In sum, Green's argument that the district court erred by dismissing his MTCA claims is without merit.

V.

In conclusion, because Green's § 1983 claim against Clark for excessive force is barred by the *Heck* doctrine and because Clark was entitled to qualified immunity from Green's state law claims, the judgment of the district court is

AFFIRMED.