# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2025

Lyle W. Cayce
Clerk

———————————

No. 24-60453

———————————

Arnetrius Branson,

*Plaintiff—Appellee*,

*versus*

Lawanda Harris,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-100

_____

Before Elrod, *Chief Judge,* Higginbotham, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Asserting entitlement to immunity under the Mississippi Tort Claims Act, a member of a municipal board appeals the district court's denial of summary judgment on a former employee's claim of malicious interference with employment. We AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60453

I

A

Arnetrius Branson was the Chief Financial Officer of the Jackson Municipal Airport Authority (JMAA), a political subdivision of the State of Mississippi.[1] In 2019, JMAA's Board of Commissioners (Board) learned that some of the airport's bills were not being paid timely after a service provider shut off service, causing the airport monitors to go dark. Further investigation also revealed that several airlines were being overcharged for rent and that restricted funds had been deposited into an unrestricted account. Branson denied that she was responsible, contending that other departments were responsible for the issues.

Branson subsequently disregarded instructions from the Chair of the Board, LaWanda Harris, to refrain from submitting a 1099 tax form to the Internal Revenue Service (IRS) for per diem payments Harris had received because she planned to repay the money. Branson went ahead and submitted the form without telling Harris because Branson believed she was mandated by law to do so.

On February 10, 2020, the Chief Executive Officer (CEO) of the JMAA recommended to the Board that Branson be terminated for the "issues dealing with JMAA's finances." The Board unanimously agreed with the recommendation but voted to afford Branson the opportunity to resign in lieu of termination. Branson elected to resign.

---

[1] The JMAA was created by the City of Jackson, Mississippi, to operate and manage the local airport. *See* Miss. Code § 61-3-5.

No. 24-60453

B

Branson filed a complaint with the Department of Labor Occupational Safety and Health Administration (OSHA), alleging that the Board had retaliated against her in violation of the Taxpayer First Act, 26 U.S.C. § 7623(d)(1), by terminating her for submitting the 1099 tax form for Harris.[2] After OSHA failed to issue a decision in 180 days, Branson sued the JMAA for retaliation in violation of the Taxpayer First Act as well as wrongful discharge in violation of the public policy of the State of Mississippi for refusing to participate in the unlawful act of failing to report Harris's per diem payments to the IRS and the Mississippi State Tax Commission. She also sued Harris in her individual capacity for retaliation under the Taxpayer First Act as well as for malicious interference with her employment, contending that by using her position to get her fired, "Harris acted outside the course and scope of her duties as Chair."

Both defendants moved for summary judgment on Branson's Taxpayer First Act claims, and Harris also moved for summary judgment on Branson's malicious interference claim.[3] Harris argued that she was entitled to summary judgment on the merits of the malicious interference claim because Branson could not establish all elements of the claim and on the basis of immunity from suit under the Mississippi Tort Claims Act (MTCA). The district court granted summary judgment in favor of both defendants on

---

[2] OSHA enforces the whistleblower provisions of the Taxpayer First Act, which protects employees who "provide information . . . regarding underpayment of tax or any conduct which the employee reasonably believes constitutes a violation of the internal revenue laws . . . to the [IRS] . . . ." 26 U.S.C. § 7623(d)(1)(A).

[3] JMAA also moved for summary judgment on Branson's wrongful discharge claim and on the counterclaims it had asserted against Branson for breach of contract, breach of fiduciary duty, and conversion, based on her alleged unauthorized removal, retention, and disclosure of JMAA's privileged documents.

3

No. 24-60453

Branson's Taxpayer First Act claim, but it denied Harris's motion as to the malicious interference claim, finding that "there is a factual dispute about whether Harris was acting in the course and scope of her role with JMAA when she agitated against Branson and then voted for Branson's removal."[4] Harris timely appealed.

II

A district court's denial of summary judgment is typically not immediately appealable, but we can review the denial of immunity under Mississippi law as a collateral order to the extent that it turns on an issue of law. *Lampton v. Diaz*, 661 F.3d 897, 899 (5th Cir. 2011); *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 438–39 (5th Cir. 2015). While we cannot determine the genuineness of a factual dispute, we can review *de novo* whether factual disputes are material. *Walton v. City of Verona*, 82 F.4th 314, 320 (5th Cir. 2023); *Wilkerson v. Univ. of N. Tex. ex rel. Bd. of Regents*, 878 F.3d 147, 154 (5th Cir. 2017). We also have pendent appellate jurisdiction over any closely related issues. *Janvey v. Libyan Inv. Auth.*, 840 F.3d 248, 256 (5th Cir. 2016).

III

Harris first argues that the district court erred in denying her motion for summary judgment based on immunity under the MTCA because there was no question that she was acting within the course and scope of her employment by voting to allow Branson to resign in lieu of termination.

The MTCA provides a waiver of the sovereign immunity "of the state and its political subdivisions from claims for money damages arising out

---

[4] The district court also granted summary judgment in favor of JMAA on Branson's wrongful discharge claim and on its counterclaims.

of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment." Miss. Code § 11–46–5(1). It protects governmental employees from being "held personally liable for acts or omissions occurring within the course and scope of [their] duties." *Id.* § 11-46-7(2). An employee is not "acting within the course and scope of his employment . . . if the employee's conduct constitute[s] fraud, malice, libel, slander, defamation or any criminal offense[,]" however. *See id.* "A governmental employee who commits a tort with malicious intent, or a tortious offense constituting a criminal offense other than a traffic violation, may be held personally liable for that act[.]" *Green v. City of Moss Point*, 495 F. App'x 495, 500 (5th Cir. 2012) (citing Miss. Code § 11–46–5(2)); *see also Oliver v. Noxubee Cnty. Tax Dep't*, 200 F.3d 815, 1999 WL 1095468, at *4 (5th Cir. 1999).

Branson asserts a claim of malicious interference with employment against Harris. Under Mississippi law, malicious interference with employment is the same as tortious interference with employment or a tortious interference with contract claim. *See Levens v. Campbell*, 733 So. 2d 753, 760 (Miss. 1999); *see also Gibson v. Estes*, 338 F. App'x 476, 477 (5th Cir. 2009). To establish a tortious interference with employment claim, a plaintiff must show

> (1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted.

*McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 976 (Miss. 2001). Because malice is an essential element of tortious interference, the

Mississippi Supreme Court has held that the MTCA does not apply to this cause of action. *See Zumwalt v. Jones Cnty. Bd. of Sup'rs*, 19 So. 3d 672, 688 (Miss. 2009); *see also Univ. of Miss. Med. Ctr. v. Oliver*, 235 So. 3d 75, 82 (Miss. 2017) (concluding that a defendant may not use the MTCA as a shield against individual liability for a malice-based tort); *Turner v. Oliver*, No. 23-60165, 2025 WL 737339, at *6 (5th Cir. Mar. 7, 2025) (finding that because malice is an element of a malicious interference with employment claim, "the MTCA itself would be inapplicable").

Here, the district court did not expressly cite to the MTCA or address Harris's argument that she was immune from suit under its provisions. It only stated that "there [was] a factual dispute about whether Harris was acting in the course and scope of her role with JMAA when she agitated against Branson and then voted for Branson's removal" and denied summary judgment. Because it used the same "course and scope" language as the MTCA, however, we interpret the district court's decision as implicitly finding that the applicability of the MTCA was dependent on a fact issue. Although not an outright denial, this is a denial of immunity that we may review. *See Mitchell v. City of Greenville*, 846 So. 2d 1028, 1029 (Miss. 2003) (stating the MTCA is "an entitlement not to stand trial rather than a mere defense to liability"); *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985) (noting that immunity from suit is "effectively lost" if case proceeds to trial).

As noted, the Mississippi Supreme Court has found that the MTCA does not apply to a tortious interference claim. *Springer v. Ausbern Constr.*

No. 24-60453

*Co.*, 231 So. 3d 980, 988 (Miss. 2017).[5] Because it does not apply, the district court erred in its reasoning supporting its denial of summary judgment.[6]

IV

Harris also argues that the district court erred by failing to consider whether Branson had offered evidence of each element of her malicious interference claim.

"In the interest of judicial economy, this court may exercise its discretion to consider under pendant appellate jurisdiction claims that are closely related to the issue properly before us." *Morin v. Caire*, 77 F.3d 116, 119 (5th Cir. 1996). "[W]e are a court of review, not of first view," however. *Rutila v. Dep't of Transp.*, 12 F.4th 509, 511 n.3 (5th Cir. 2021) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). Because the district court did not consider whether Branson had identified record evidence supporting each element of her malicious interference claim, we decline to consider the issue.

———————————————

[5] Notably, in *Gibson v. Kilpatrick*, we held that a malicious interference with employment claim was a breach of contract action subject to the MTCA. 838 F.3d 476, 487–88 (5th Cir. 2016). *Kilpatrick* relied on another Fifth Circuit decision that in turn relied on *Whiting v. Univ. of S. Miss.*, 62 So. 3d 907, 916 (Miss. 2011), but the Mississippi Supreme Court later overruled the applicable portion of *Whiting*. *See Springer*, 231 So. 3d at 988 (discussing difference between "tortious breach of contract" and "tortious interference with a contract" and finding that the requirement of malice took the latter out of the purview of the MTCA). Accordingly, we are not bound to follow *Kilpatrick* under the rule of orderliness. *See Coleman E. Adler & Sons, LLC v. Axis Surplus Ins. Co.*, 49 F.4th 894, 898 (5th Cir. 2022) (stating that we apply panel precedent except when there is a contrary subsequent holding from the state's highest court). A recent panel reached the same conclusion. *See Turner*, 2025 WL 737339, at *6 (concluding because a claim of malicious interference with employment requires a showing of malice, "the MTCA itself would be inapplicable").

[6] Harris also argues that the district court erred in its immunity analysis because an employee's conduct must first be found malicious before the employee is deemed to have acted outside the course and scope of employment. As discussed, the MTCA does not apply to tortious interference claims.

No. 24-60453

V

We AFFIRM the district court's order to the extent it found that Branson's malicious interference claim survived Harris's assertion of immunity under the MTCA and could proceed. We REVERSE to the extent the district court found that applicability of the MTCA to the claim was dependent on a fact issue and REMAND for further proceedings consistent with this opinion.